**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

BRAD BRADLEY BRADFORD,          *

          Petitioner,          *

                            Case No. 7:10-CV-90075-WLS

vs.          *          28 U.S.C. § 2255

                          Case No. 7:07-CR-23 WLS

UNITED STATES OF AMERICA,          *

          Respondent.          *

## REPORT AND RECOMMENDATION

      Petitioner Bradford's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

### Procedural History

      Petitioner Bradford was indicted in this Court and charged with Possession of Cocaine With Intent to Distribute in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. §2. (Doc. 1).  On August 5, 2008, Bradford with counsel entered into a Plea Agreement with the Government and pleaded guilty to the Count One Possession of Cocaine as charged. (Doc. 34, 35).  He was sentenced on August 13, 2008, to a term of 180 months imprisonment, and Counts 2, 3, and 4 were dismissed upon Government Motion.  (Doc. 38, 40).

      Petitioner Bradford appealed his conviction on grounds not relevant to this Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  The  United States Court of Appeals for the Eleventh Circuit affirmed the Judgment of the District Court on July 24, 2009. (Doc. 55).  Petitioner timely filed his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on February 25, 2010. (Doc. 56).

**Petitioner's Claim**

_____Petitioner Bradford raises a single Ground for relief in his § 2255 Motion.  As his

**Ground One**, Bradford states:

> Mr. Bradford's guilty plea was based on U.S. Attorney C. Brian
> Jarrard's promise that the sentence would be 120 months.  Mr.
> Bradford's sentence was then enhanced to 180 months as a career
> criminal based on a conviction on March 15, 1991, when Mr.
> Bradford was 16 years old.  This conviction was to be expunged as
> Mr. Bradford's first offense.[1]  The conviction was for burglary.

In his Memorandum of Law in Support of Motion attached, Petitioner Bradford argues:

> Petitioner alleges plain error in one application of the career offender
> classification, resulting in a loss of substantial rights by Petitioner's
> criminal history category being increased to level VI and thus an
> enhanced sentence. ...

> The Pre-Sentence Investigation Report used a conviction thirteen
> years before the instant offense, when Mr. Bradford was sixteen years
> old, to enhance his criminal history status to career criminal, thus
> category level VI.  The PSI cites U.S.S.G. § 4B1.1 in making this
> determination.

> U.S.S.G. § 4B1.1 states that in order to be a career offender, the
> defendant "must have at least two prior felony convictions of either
> a crime of violence or a controlled substance offense."

> In applying § 4B1.1, Section 4A1.2(d) specificies "which offenses
> committed prior to age eighteen" that are to be included in the
> criminal history calculation.

>> 1) If the defendant was convicted as an adult and
>> received a sentence of imprisonment exceeding one
>> year and one month, add three points under §
>> 4A1.1(a) for each such sentence.

>> 2) In any other case, (A) add two points under §

---

[1]The expungement of first offender sentences is always dependant upon successful completion of the
sentence.

> 4A1.1(b) for each adult or juvenile sentence of at least sixty days if the defendant was released from confinement within five years of the commencement of the instant offense.

Based on those guideline provisions, Petitioner Bradford further argues that:

> In the case of Petitioner, neither of these mandatory provisions were met.  Mr. Bradford, age sixteen, received a sentence of twelve months, clearly less than the required thirteen. Mr. Bradford's release from confinement was in February 1992, thirteen years before the commencement of the instant offense in 2005, already more than five years.

> Nevertheless, in clear error, three points were added to Petitioner's criminal history under 4A1.1(a).  See page 5 of attached PSI.

### Conclusions of Law and Fact

_____Mr. Bradford does not note the entire entry in the PSI at page 5, apparently intending that the Court not do so either.  Part B of the PSI, **Defendant's Criminal History**, at ¶ 31 starts an enumeration of Petitioner Bradford's criminal convictions, showing that on 03/15/91, at age 16, he was convicted of Burglary in Duval County Court, Jacksonville, Florida, Count 3 of Case #91-2679CF; that a sentence of 12 months imprisonment was imposed to be followed by 18 months probation; and that on 10/3/1991, Bradford's probation was revoked for 24 months.  The entry at ¶ 31 shows the guidelines applied were 4A1.1(a) and 4A1.2(k) for an additional 3 criminal history points.

Petitioner Bradford's attached page of the PSI also states at ¶ 31 that:

> Court records reflect the defendant was certified as an adult, represented by counsel and entered a plea of guilty to Count 3.

Petitioner Bradford's error is that he does not present the contents of U.S.S.G. § 4A1.2(k) which provided at the time of his sentencing, as it still does, that:

**(k)** **Revocation of Probation, Parole, Mandatory Release, or Supervised Release**

_____(1) In the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation. The resulting total is used to compute the criminal history points for § 4A1.1(a), (b), or (c), as applicable.

By the application of U.S.S.G. § 4A1.2(k) to 4A1.1(a), Petitioner Bradford properly received an additional 3 points, under the provisions of U.S.S.G. § 4A1.2(d)(1), eliminating the necessity to consider any confinement within five years as provided by § 4A1.2(d)(1).

Petitioner Bradford's claim that the Court clearly erred is without merit and his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 should be DENIED as failing to present a claim for which this Court might grant relief.

Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 21st day of April 2010.


                    S/G. MALLON FAIRCLOTH
                    **UNITED STATES MAGISTRATE JUDGE**

4